J-S39024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUFUS WEARY | : | |
| | : | |
| Appellant | : | No. 3182 EDA 2019 |

Appeal from the PCRA Order Entered October 18, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008916-2008

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 11, 2020**

Appellant, Rufus Weary, appeals, *pro se*, from the order entered on October 18, 2019 in the Criminal Division of the Court of Common Pleas of Philadelphia County, dismissing his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

Following trial,[1] a jury convicted Appellant of third-degree murder and related offenses following the homicide death of the victim, David McCoy, who died of multiple gunshot wounds.  On July 16, 2012, the trial court sentenced Appellant to an aggregate term of 70 to 142 years' imprisonment.  On direct appeal, this Court affirmed Appellant's judgment of sentence.  ***See Commonwealth v. Weary***, 2014 WL 10917069 (Pa. Super. 2014)

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We refer here to Appellant's second trial. His first ended in a mistrial.

(unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on January 5, 2015. *See Commonwealth v. Weary*, 106 A.3d 726 (Pa. 2015).

On April 22, 2015, Appellant filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed an amended petition on June 19, 2016. On December 27, 2016, the PCRA court issued notice of its intent to dismiss the amended petition pursuant to Pa.R.Crim.P. 907. On January 9, 2017, the court dismissed Appellant's petition. This Court affirmed the dismissal of Appellant's first PCRA petition on July 2, 2018 and our Supreme Court denied Appellant's petition for allowance of appeal on January 9, 2019. *See Commonwealth v. Weary*, 2018 WL 3213888 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 200 A.3d 437 (Pa. 2019).

Appellant filed the instant PCRA petition, *pro se*, on February 13, 2019. Pursuant to Rule 907, the PCRA court, on September 13, 2019, issued notice of its intent to dismiss and, on October 18, 2019, formally dismissed Appellant's petition. Appellant filed a notice of appeal on October 25, 2019. On November 18, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on November 26, 2019 and the PCRA court issued its Rule 1925(a) opinion on December 23, 2019.

In its opinion, the PCRA court held that Appellant's petition was untimely on its face and that Appellant had not properly invoked any of the three timeliness exceptions enumerated at 42 Pa.C.S.A. § 9545(b)(1). *See* PCRA

Court Opinion, 12/23/19, at 8 and 11. Specifically, the court rejected Appellant's reliance upon a Philadelphia County common pleas court decision to establish a newly-discovered fact for purposes of § 9545(b)(1)(ii). **Id.** at 8. Notwithstanding this determination, the court examined, in the alternative, the merits of a related after-discovered fact claim advanced in Appellant's petition. The court deemed this claim meritless, and subject to dismissal without a hearing, after finding that the after-discovered evidence would not likely produce a different result at a new trial, given that evidence of Appellant's guilt from other witnesses and sources was overwhelming. **Id.** at 10-11.

On appeal, Appellant raises several claims challenging the PCRA court's ruling on his after-discovered evidence claim. Before we reach these contentions, however, we consider the PCRA court's jurisdictional determination, which we find dispositive in this case.

Appellate review of an order denying post-conviction relief asks whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. **See Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014). "Where an issue presents a question of law, the appellate court's standard of review is *de novo*, and its scope of review is plenary." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).

> The PCRA is the sole means of obtaining collateral relief on issues that are cognizable under the statute, **see** 42 Pa.C.S.[A.] § 9542, and [our Supreme Court has] held on numerous occasions that the PCRA['s] time restrictions are jurisdictional in nature; consequently, Pennsylvania courts may not entertain untimely

- 3 -

PCRA petitions. ***See Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003); ***Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008). Furthermore, [our Supreme Court has] observed that the statute "confers no authority upon [any court] to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Robinson***, 837 A.2d at 1161, *quoting* ***Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002). The time restrictions in the existing statutory scheme are reasonable and accord finality to the collateral review process. ***Commonwealth v. Peterkin***, 722 A.2d 638, 642–643 (Pa. 1998).

As noted above, the one-year filing deadline is not absolute. The PCRA contains three narrow exceptions that enable petitioners to assert claims after the deadline has passed. The exception at issue herein, [42 Pa.C.S.A § 9545(b)(1)(ii) and (b)(2)], states in relevant part:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

....

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

....

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within [one year] of the date the claim could have been presented.

42 Pa.C.S.[A.] § 9545(b)(1)(ii) and (2) [(as amended effective December 24, 2018)].

***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (parallel citations omitted).

There is no dispute in this case that the instant petition was filed more than one year from the date Appellant's judgment of sentence became final and, therefore, is untimely on its face. Appellant's judgment of sentence became final on April 5, 2015, 90 days after our Supreme Court denied his petition for allowance of appeal on January 5, 2015. Appellant filed his first PCRA petition on April 22, 2015 and litigation concluded on January 9, 2019 when the Supreme Court denied allowance of his appeal. Appellant filed his current petition on February 13, 2019, over three years after his judgment of sentence became final.

Appellant's current petition alleged, among other things, that he was entitled to a new trial because after-discovered evidence would likely compel a different verdict. *See* Appellant's Petition for PCRA Relief, 2/13/19, at 1-2. To overcome the PCRA's one-year time bar, Appellant relied upon a judicial opinion filed on June 7, 2018 by the Honorable M. Teresa Sarmina in *Commonwealth v. Duane Thorpe*, CP-51-CR-0011433-2088 (Phil. Com. Pl. 2018). In that case, Judge Sarmina granted Thorpe's timely petition for collateral relief in which he requested a new trial based upon after-discovered evidence. In particular, Judge Sarmina found, after a lengthy evidentiary hearing, that a Philadelphia homicide detective, James Pitts, habitually employed threats, bullying, and physical force to coerce witnesses and suspects to sign false statements that were consistent with the detective's prompts and suggestions. Because Detective Pitts' interrogation methods

- 5 -

were habitual, and not merely a function of character, evidence of his prior acts would be admissible to challenge the reliability of signed statements he obtained from interview subjects. **Compare** Pa.R.E. 406 ("Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice.") with Pa.R.E. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). If believed, such evidence could preclude the use of challenged statements as substantive, or even impeachment, evidence. **See Commonwealth v. Brown**, 52 A.3d 1139, 1159 (Pa. 2012) (discussing general requirements for finding sufficient reliability in prior inconsistent statements to allow their use as substantive evidence); **Commonwealth v. Bennett** , 450 A.2d 970, 972 (Pa. 1982) (suggesting that coerced statements are unreliable and, thus, ought to be barred for all purposes, including impeachment) (Flaherty, J., concurring); Pa.R.E. 803.1 (criteria for admission of prior inconsistent statements as substantive evidence); Pa.R.E. 613 (allowing impeachment of witness's credibility through prior inconsistent statement).

Appellant alleged that Judge Sarmina's opinion constituted a newly-discovered fact that conferred jurisdiction over his claims leveled outside the PCRA's one-year time bar. Appellant's Petition for PCRA Relief,

2/13/19, at 4. He further alleged that the ruling, together with the witnesses and other evidence to which it led, served as after-discovered evidence that would likely produce a different verdict on his homicide charges. *Id.*; 42 Pa.C.S.A. § 9542(a)(2)(vi) (recognizing after-discovered evidence as grounds for relief under the PCRA).

In the context of the present appeal, Appellant alleges that *Thorpe* confirms the trial testimony of his sister, Janet Weary, in which she recanted portions of a statement previously given to investigating officers. At trial, the Commonwealth offered Ms. Weary's testimony, in addition to that of other witnesses, to establish that Appellant possessed a firearm and was present at the scene of McCoy's shooting death. Ms. Weary's testimony centered upon two statements that she gave to investigators. She gave her first statement to police officers at a local hospital shortly after she transported the victim there for medical treatment. In that statement, Ms. Weary identified an individual other than Appellant as the shooter. Hours later, Ms. Weary was interviewed again at police headquarters. During her second interview, she admitted that she summoned her brother (Appellant) to the scene following an argument she had with a rival drug dealer. She also admitted that she saw Appellant with a firearm when he arrived at the location to which she summoned him. At trial, however, Ms. Weary recanted parts of her second statement to investigators, including her admission that she called Appellant to the scene and that she saw Appellant with a gun when he arrived. Ms.

Weary testified that she recanted those portions of her second statement because they were untrue and the product of coercion by police officials, including Detective Pitts and others. *See* N.T. Trial, 5/18/12, at 65-95.

We agree with the PCRA court's initial conclusion that it lacked jurisdiction to consider the merits of Appellant's after-discovered evidence claim since judicial opinions, with limited exceptions not present here, do not constitute "facts" and, therefore, Appellant failed to plead and prove the applicability of Section 9545(b)(1)(ii). The record demonstrates clearly that the facts that serve as the basis of Appellant's coercion claim arose from Janet Weary's interactions with Philadelphia police and homicide detectives, including Detective Pitts, and were readily available to Appellant at the time of trial in May 2012. In view of Ms. Weary's trial testimony that her statement placing a firearm in Appellant's hands at the time and place of the victim's shooting was the product of coercion by Detective Pitts, nothing prevented Appellant from investigating and raising his coercion claim before the trial court, on direct appeal, or within a timely PCRA petition.

Appellant's attempt to overcome the PCRA time bar by asserting that Judge Sarmina's ruling in *Thorpe* served as the factual predicate of his claim is both opportunistic and contrary to law. While it may be the case that the ruling in *Thorpe* alerted Appellant to a new legal pathway (and new evidentiary sources) to attack the statement by Janet Weary which put a gun in his hands at the time and place of the victim's homicide, it is evident from

the record that Appellant's coercion claim is not factually dependent upon what transpired in the matter pending before Judge Sarmina. In **Watts**, our Supreme Court carefully distinguished the concept of "law" from the concept of "fact"[2] and emphasized that "section 9545(b) (1)(ii) applies only if the petitioner has uncovered **facts** that could not have been ascertained through due diligence," that "judicial determinations are not facts," and that the publication of judicial rulings does not trigger section 9545(b)(1)(ii) because publication does not involve an event that spawns a new legal claim. **See Watts**, 23 A.3d at 986-987.

Here, Appellant relies on Judge Sarmina's ruling in **Thorpe** to avoid the one-year time bar by framing the factual predicate of his coercion claim in a manner that masks the actual basis of his grievance. Viewed properly, the

_____

[2] Our Supreme Court explained:

> Black's Law Dictionary explains the distinction [between law and fact] thusly: "Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule." Black's Law Dictionary [at] 592 (6th ed.1991). Put another way, "A 'fact,' as distinguished from the 'law,' ... [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law." **Id.** Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

**Watts**, 23 A.3d at 986-987.

facts that support Appellant's present claim were ascertainable at the time of trial in 2012 and the PCRA court correctly determined at the outset of its opinion that the instant petition was untimely, that no exceptions applied, and that the court lacked jurisdiction to consider Appellant's claim for relief. Accordingly, we affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/11/2020*